UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOD KEVIN HOUTHOOFD, #596112,

       Petitioner,

v.

       CASE NO. 2:16-CV-10621
       HONORABLE PAUL D. BORMAN

JEFFREY WOODS,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING MOTION FOR APPOINTMENT OF COUNSEL, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Tod Kevin Houthoofd ("Petitioner"), currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, was convicted of obtaining property valued over $100 by false pretenses, Mich. Comp. Laws § 750.218, witness intimidation, Mich. Comp. Laws § 750.122, and solicitation to commit murder, Mich. Comp. Laws § 750.157b, following a jury trial in the Saginaw County Circuit Court. He was sentenced to concurrent terms of 5 to 10 years imprisonment, 10 to 15 years imprisonment, and 40 to 60 years imprisonment on those convictions in 2006.

Petitioner then pursued an appeal of right in the state courts. The Michigan Court of Appeals reversed his solicitation to commit murder conviction based upon improper venue,

but affirmed his other convictions. *People v. Houthoofd*, No. 269505, 2009 WL 249459 (Mich. Ct. App. Feb. 3, 2009). The Michigan Supreme Court reversed in part the Michigan Court of Appeals' decision and reinstated the solicitation to commit murder conviction on the ground that Petitioner was not prejudiced by the improper venue. The Michigan Supreme Court also remanded the case to the Michigan Court of Appeals for a determination of whether the trial court failed to articulate substantial and compelling reasons for upwardly departing from the guidelines when imposing Petitioner's sentences. *People v. Houthoofd*, 487 Mich. 568, 790 N.W.2d 315 (2010); reh. den. 790 N.W.2d 339 (2010).

On remand, the Michigan Court of Appeals vacated Petitioner's sentence for solicitation to commit murder and remanded for re-sentencing. *People v. Houthoofd* (on Remand), No. 269505, 2010 WL 4906128 (Mich. Ct. App. Dec. 2, 2010). The Michigan Supreme Court denied leave to appeal. *People v. Houthoofd*, 489 Mich. 935, 797 N.W.2d 638 (2011).

The state trial court re-sentenced Petitioner to 40 to 60 years imprisonment on the solicitation to commit murder conviction. Petitioner then pursued a direct appeal in the state courts. The Michigan Court of Appeals vacated the new sentence because the state trial court had circumvented the rules regarding the reassignment of judges and remanded the case for re-sentencing before a randomly selected judge. *People v. Houthoofd*, No. 312977, 2014 WL 667802 (Mich. Ct. App. Feb. 18, 2014). The Michigan Supreme Court denied leave to appeal. *People v. Houthoofd*, 496 Mich. 866, 849 N.W.2d 376 (2014).

The state trial court re-sentenced Petitioner to 420 months to 720 months on the solicitation to commit murder conviction. Petitioner pursued another appeal in the state courts. The Michigan Court of Appeals vacated the new sentence and remanded for re-sentencing because the trial judge lacked jurisdiction to re-sentence Petitioner while his application for leave to appeal was pending in the Michigan Supreme Court. *People v. Houthoofd*, No. 322592, 2015 WL 2329081 (Mich. Ct. App. May 14, 2015). The Michigan Supreme Court denied leave to appeal. *People v. Houthoofd*, _ Mich. _, 872 N.W.2d 466 (2015).

While his application for leave to appeal was pending before the Michigan Supreme Court, Petitioner filed a protective federal habeas petition. The Court dismissed that case without prejudice ruling that Petitioner had not shown that he had properly exhausted all of his habeas claims in the state courts. The Court also acknowledged his pending state proceedings and the fact that he had yet to be re-sentenced. *Houthoofd v. Woods*, No. 2:15-CV-12764 (E.D. Mich. Aug. 20, 2015) (Edmunds, J.).

Petitioner dated the instant federal habeas petition on February 11, 2016 and it was filed by the Court on February 18, 2016. He has also filed a motion for appointment of counsel. In his pleadings, Petitioner raises claims concerning the jury instructions, the sufficiency of the evidence, the trial court's jurisdiction, a retroactive change in the law, police perjury, and forum shopping. While Petitioner asserts that he has exhausted his claims in the state courts, he admits that he is still awaiting re-sentencing in the state trial court.

## II.     Discussion

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *Id*., *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

In this case, the habeas petition must be dismissed because it is premature.  Petitioner's solicitation to commit murder conviction is not yet final given that the Michigan Court of Appeals vacated his sentence and remanded his case to the state trial court for re-sentencing. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (ruling that when a state court affirms a conviction on direct review, but remands for resentencing, the judgment of conviction does not become final, for purposes of the statute of limitations, until the completion of direct review from the new judgment of sentence and citing *Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence.  The sentence is the judgment")); *see also Rashad v. Lafler*, 675 F.3d 564, 567-78 (6th Cir. 2012) (discussing *Burton*).  Petitioner admits that he is awaiting re-sentencing, which he states is currently

scheduled for March 16, 2016. He will then have the opportunity to appeal that decision in the state appellate courts. Petitioner cannot proceed on federal habeas review until his convictions and sentences are finalized in the state courts. His habeas petition must therefore be dismissed as premature.

### III. Conclusion

For the reasons stated, the Court concludes that the instant habeas petition is premature. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Given this determination, the Court also **DENIES** the motion for appointment of counsel. This case is closed. The Court does not retain jurisdiction over this matter. Should Petitioner wish to pursue federal habeas review after re-sentencing and the exhaustion of state court remedies, he must file a new habeas petition.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court

also concludes an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 2, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2016.

s/Deborah Tofil
Case Manager